————o————

No. 6248.

## ALFRED E. MILON vs. ALFRED O. SMITH.

### Syllabus.

When the judgment of the trial Court on questions of fact is not manifestly erroneous it will be affirmed.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 105,327. Honorable T. C. W. Ellis, Judge.

O. S. Livaudais, J. K. Bailey, for plaintiff and appellee.

F. B. Smith, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff claims of defendant one hundred and seventy dollars which he loaned him on the following dates; in July, 1910, $50, and on July 30, 1910, $120.

Defendant denies the loan and avers "that the said sums of money were paid defendant herein as part payments on a certain agreement of sale entered into on the 15th day of April, 1909, by and between the said Alfred E. Milon, plaintiff herein, and your defendant, wherein

defendant sold to said Alfred E. Milon, plaintiff herein, one-half interest in the business owned and operated by your defendant at No. 207 South Rampart Street, this city, for the price and sum of $422.00; all of which will more fully appear by reference to the said agreement filed herewith and made a part hereof."

The document mentioned in the answer reads as follows:

"New Orleans, La., April 15th, 1909.

"A. O. Smith of the first part sold to the Honorable Alfred Milon of the second part one-half interest (½) of the business located No. 207 S. Rampart Street for the sum of two hundred and fifty dollars, ($250.00) of which fifty dollars was paid on contract ($50.00). This bill of sale of said purchase consists of one range, one bath tub, one hot water boiler, tables, chairs, stools, dishes, pots, pans, knives, forks and spoons, one electric piano, cash register and a two chair shining outfit, cots, bed, bed linen, mattresses, bowls and pitchers, all and everything that belonged to the said A. O. Smith of the first part at No. 207 S. Rampart St., or ½ int. thereof at the time the contract was executed, April 15th, 1909. Articles purchased since this contract: one four chair combination outfit with three fancy toilet bottles to each chair, three razors, two hair brushes, two powder bowls and puffs, one cup case, one wash stand, one electric fan and barber bowls. The shop cost one hundred and thirty-one dollars....$131.00

| | |
|---|---|
| Storage or rent on same | 5.00 |
| Repair work | 35.00 |
| Material used | 6.00 |
| Electric repairs | 10.00 |
| Tailoring department | 10.00 |
| Cigar case | 25.00 |
| Total expenses for new purchase | $222.00 |

"Hon. Alfred E. Milon has paid one hundred and seventy dollars ($170.00) on account, leaving a balance of three hundred and two dollars ($302.00).

(Signed) "Alfred Milon.

(Witness) "Fred Lee."

This document was in the hands of the defendant and was produced by him on the trial. It is written on two sheets of paper. The first sheet is a half sheet of legal cap, and extends to the words "powder bowls and puffs," and the second sheet is on a business letter head of the "Chicago Hotel" run by the defendant; the whole document is in the handwriting of Miss E. Bertha Smith, interested in business with the defendant and his cousin.

As the defendant admits receiving the $170.00 claimed herein the burden of proof is upon him to establish his defense that they were paid to him by plaintiff as part of the price of sale of one-half of the business carried on by him at No. 207 South Rampart Street.

His first line of proof, of course, is the document copied above. But it is strange that the document should have been in the hands of the defendant and not of the plaintiff. If it embodied the terms of an agreement of sale executed or a receipt it is customary for the purchaser to hold his muniment of title and not the vendor. It is also strange that it should be signed only by the purchaser and not by the vendor. It purports to have been executed and signed on April 15, 1909, and Miss Smith swears it was signed on that day. Yet it bears extrinsic evidence that it was not signed on that day. Plaintiff swears that he did not sign the document and did not buy any interest, inasmuch as his sight was much impaired in April, 1909, and that he was completely blind at the time of the trial it may be that his signature to the second page of the

document is genuine, but it does not follow that his signature attested the statement of a sale contained on the first page.

Thomas Wright swears that plaintiff told him he was a partner of defendant. That does not prove that plaintiff bought out defendant. Henry Lee's testimony is vague and unsatisfactory. Fred Lee, the witness to the document, was not examined as a witness.

We do not think that defendant has made out a case with legal certainty. The Judge of the lower Court did not think so either. His judgment is therefore affirmed.

It is therefore ordered that the judgment of the lower Court be affirmed and that plaintiff's heirs, John Milon, Robert Milon and Hilda Milon, do have judgment against the defendant herein, Alfred O. Smith, for one hundred and seventy dollars with legal interest from July 30th, 1913, till paid and all costs in both Courts.

Judgment affirmed.

Opinion and decree, March 15, 1915.